LUIS CARRERO, demandante y apelado, *v.* JUAN MORALES DÍAZ, demandado y apelante.

No. 3484.—*Visto:* Marzo 17, 1925. *Resuelto:* Junio 10, 1925.

1. APELACIÓN Y ERROR—REVISIÓN—CUESTIONES DE HECHOS, VEREDICTOS Y CONCLUSIONES—CONCLUSIONES SOBRE LA EVIDENCIA—EVIDENCIA CONTRADICTORIA.—Examinada la evidencia en el presente caso, *se resolvió:* que el conflicto existente fué debidamente resuelto por la corte inferior.

2. DAÑOS Y PERJUICIOS—MEDIDA DE LOS DAÑOS Y PERJUICIOS—DAÑOS A LA PERSONA—SUFRIMIENTOS FÍSICOS Y MENTALES.—El sufrimiento físico y mental, así como el estado en que ha quedado el perjudicado, deben ser considerados para fijar la cuantía de la indemnización: los hechos del caso sostienen la concesión de $1,175 como indemnización por tales conceptos.

SENTENCIA de *Angel Acosta,* J. (Mayagüez), declarando con lugar la demanda con costas. *Modificada y confirmada.*

*Rafael O. Fernández, Charles Hartzell, Jaime Sifre, Horacio Franceschi* y *Enrique Igaravídez,* abogados del apelante; *Genaro Altieri* y *Pascasio Fajardo Martínez,* abogados del apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

Se trata de un caso de daños y perjuicios en que la Corte de Distrito de Mayagüez ordenó al demandado que pagara al demandante la suma reclamada, a saber, $1,420,

basándose en los siguientes hechos que declaró probados a virtud de las alegaciones y la evidencia. Extractados dichos hechos son así:

"... que el día 14 de noviembre de 1923, y como a las 4 p. m. mientras el demandante Luis Carrero subía de la playa de Mayagüez, P. R., por su derecha, lado Sud de la calle de Méndez Vigo, .... el demandado Juan Morales Díaz, bajaba por el lado Norte hacia la playa, guiando el automóvil No. 1796, .... desvió repentina y súbitamente el automóvil .... al lado Sud .... y lo lanzó .... contra la bicicleta en que iba montado el demandante con la que chocó; que como consecuencia del choque, rompió dicha bicicleta y lanzó al demandante a tierra, ocasionándole un fuerte golpe en el lado izquierdo del pecho, fracturándole la cuarta costilla y una fuerte contusión en una pierna y rasguños en varias partes del cuerpo; .... que esos golpes tuvieron y tienen al demandante .... enfermo y privado de poderse dedicar a trabajo alguno, especialmente a su comercio de quincalla. . . . en cuyo negocio percibe un beneficio de cinco dólares diarios.

"... que el accidente se debió a la súbita y repentina desviación que (el demandado) hiciera. . . . .

"... que el choque se debió a descuido y negligencia del demandado .... siendo el sitio donde ocurrió .... una calle ancha y recta. . . . .

"... En el presente caso la evidencia .... es robusta y convincente en cuanto a que el demandado de un modo repentino, súbito, desvió y lanzó el automóvil hacia el lado por donde subía el demandante. . . . ."

No conforme el demandado, apeló alegando que la corte de distrito erró al declarar probado que el accidente se debió a su culpa y negligencia y al fijar el montante de la indemnización.

La prueba del demandante consistió en las declaraciones de los doctores Lange y Guzmán, de los testigos Cristina de Santiago, Carlos Pérez, Nicolás Ramos, Alejandro Bravo y el propio demandante. El doctor Lange asistió al demandante; el doctor Guzmán le tomó una radiografía. Ambos sostienen los hechos declarados probados por la corte en la

parte relativa a las lesiones. Los testigos Santiago, Pérez y Ramos presenciaron el choque. De sus declaraciones se desprende, entre otras cosas, que Carrero iba por su derecha; que el demandado venía haciendo *zig-zags;* que parecía que no sabía manejar, y que se desvió y lanzó al demandante a la cuneta. Bravo declaró sobre la patente de quincallero del demandante. Este sostuvo su caso, excepto en el extremo que veremos luego.

La prueba del demandado consistió en las declaraciones de Carmelo Soto, de su hijo Rodolfo y en la suya. Sostienen que al ver el demandado al demandante que corría en su bicicleta a gran velocidad, paró el auto y la bicicleta fué a chocar con él y así ocurrió el accidente.

[1] Un examen cuidadoso de la evidencia nos lleva a concluir sin vacilación alguna que el conflicto fué debidamente resuelto por el juez sentenciador. Es un hecho de gran importancia el sitio mismo en que ocurrió el choque. La calle era ancha, recta, y el demandante quedó en la cuneta de la acera correspondiente a su derecha.

"El que por acción u omisión causa daño a otro, interviniendo culpa o negligencia, está obligado a reparar el daño causado," dice el artículo 1803 del Código Civil, y habiéndose demostrado que el demandado del modo negligente que se ha descrito causó el daño que se ha especificado, es clara su obligación de repararlo. ¿Cómo?

Sostiene el apelado que no se demostró el pago de los honorarios médicos, de la placa radiográfica, ni de las medicinas, y que de la propia declaración del demandante se desprende que sólo ganaba un promedio de dos dólares diarios.

Es cierto que no hay prueba específica de haberse pagado las tres primeras partidas, pero hay prueba terminante de que la radiografía se tomó, de que el doctor Lange prestó sus servicios profesionales y de que se usaron medicinas. Por atención médica se reclaman $50, por la radiografía

$5 y por las medicinas $15.  Bajo esas circunstancias, no creemos que deba alterarse el fallo en ese extremo.  No se advierte exageración alguna y el gasto necesariamente debió existir.

En lo que tiene razón el apelante es en el promedio de la ganancia diaria del demandante.  En la demanda se alegó que era cinco dólares y así lo declaró probado el juez sentenciador, pero de la propia declaración del demandante se deduce que sólo ganaba dos.  La sentencia debe modificarse rebajando la partida de $175 por 35 días en que el demandante no pudo trabajar, a $70.

[2] Entra el apelante en una larga discusión sobre si se pueden conceder o nó los $1,175 reclamados por ''dolores físicos, daños materiales, agonía mental que ha sufrido y está actualmente sufriendo'' el demandante.  La corte a este respecto dijo en su opinión:

''. . . . el sufrimiento físico y mental, así como el estado en que ha quedado el perjudicado, son elementos que las cortes tienen que tener en consideración para fijar la cuantía de la indemnización.''

Se trata de un accidente serio.  No sólo se fracturó una costilla al demandante y estuvo éste impedido de trabajar sufriendo de dolores físicos y de la consiguiente agonía mental, si que ha quedado débil, ''predispuesto,'' como dijo el Dr. Guzmán, ''para una pulmonía, para una pleuresía, para cualquier lesión pulmonar.''

Siendo ello así, no puede concluirse que sea impropia, ni exagerada la suma reclamada y concedida.  *Morales* v. *Central Vannina*, 32 D.P.R. 203, 214; *Berríos* v. *Central Vannina*, 32 D.P.R. 215, 216.

*Modificada en el sentido indicado, debe confirmarse la sentencia recurrida.*

El Juez Asociado Señor Wolf firmó ''conforme con la sentencia.''